```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                    EASTERN DISTRICT OF CALIFORNIA
10
                              ----oo0oo----
11
12  SIERRA NEVADA FOREST PROTECTION      No. CIV-S-05-0205 MCE GGH
    CAMPAIGN, CENTER FOR BIOLOGICAL
13  DIVERSITY, NATURAL RESOURCES             CIV-S-05-0211 MCE GGH
    DEFENSE COUNCIL, SIERRA CLUB,            CIV-S-05-0905 MCE GGH
14  and THE WILDERNESS SOCIETY,              CIV-S-05-0953 MCE GGH
    non-profit organizations,
15                                              (Related Cases)
16
             Plaintiffs,
17
         v.                              ORDER
18
    MARK REY, in his official
19  capacity as Under Secretary of
    Agriculture, DALE BOSWORTH, in
20  his official capacity as Chief
    of the United States Forest
21  Service, JACK BLACKWELL, in his
    official capacity as Regional
22  Forester, Region 5, United
    States Forest Service, and
23  JAMES M. PEÑA, in his official
    capacity as Forest Supervisor,
24  Plumas National Forest,
25           Defendants.
26  _____/
27  and Related Cases.
28                            ----oo0oo----

                                 1
```

1 These related cases all challenge the sufficiency of the
2 2004 Sierra Nevada Forest Plan Amendment ("the 2004 Framework").
3 Plaintiffs allege that in adopting the 2004 Framework, the
4 government violated various portions of the National
5 Environmental Policy Act, 42 U.S.C. § 4321, et seq. ("NEPA"), the
6 Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), and
7 the National Forest Management Act, 16 U.S.C. § 1600, et seq.
8 ("NFMA").

9 Now before the Court are five different Motions to Intervene
10 brought on behalf of twenty-seven (27) different
11 groups/organizations seeking to assert their own particular
12 interests into this litigation so as to ensure that those
13 interests are heard.  Three motions have been filed in <u>Sierra
14 Nevada Forest Protection Campaign v. Rey</u>, et al., Case No. CIV-S-
15 05-0205, on behalf of the following: 1) Quincy Library Group and
16 Plumas County; 2) California Ski Industry Association; and 3)
17 Tuolumne County Alliance for Resources & Environment (TuCare), et
18 al.[1]  In <u>People of the State of California ex rel. Bill Lockyer
19 v. United States
20 Department of Agriculture</u>, et al., Case No. CIV-S-05-0211,

---

[1] The other applicants for intervention, in addition to TuCare, are California Forest Counties Schools Coalition, Regional Council of Rural Counties, Western Council of Industrial Workers, Klamath Alliance for Resources & Environment, Coarsegold Resource Conservation District/Eastern Madera County Fire Safe Council, Tulare County Resource Conservation District, Sierra Resource Conservation District, Strawberry Property Owners' Association, Huntington Lake Association, Huntington Lake Big Creek Historical Conservancy, California Equestrian Trails & Lands Coalition, California Forestry Association, California Licensed Foresters Association, California/Nevada Snowmobile Association, American Forest & Paper Association, American Forest Resource Council, and BlueRibbon Coalition.

motions have been submitted both on behalf of the TuCare group of intervenors and by the California Cattlemen's Association. Finally, in <u>California Forestry Ass'n, et al. v. Dale N. Bosworth</u>, et al., Case No. CIV-S-05-0905, the Sierra Nevada Forest Protection Campaign, Center for Biological Diversity, National Resources Defense Council, Sierra Club, and The Wilderness Society have collectively moved to intervene.

Under Federal Rule of Civil Procedure 24,[2] a party may intervene in pending litigation either as a matter of right, under subsection (a), or permissively with the court's consent under subsection (b).

An applicant has the right to intervene under Rule 24(a) if 1) the intervention request is made in a timely fashion; 2) a "significantly protectable" interest related to the subject matter of the litigation is asserted; 3) disposition of the matter may impair or impede the applicant's interest in the absence of intervention; and 4) if the applicant's interest is not adequately represented by existing parties. <u>Wetlands Action Network v. United States Army Corps of Eng'rs</u>, 222 F.3d 1105, 1113-14 (9th Cir. 2000). Private parties may not, however, intervene as a matter of right in an action alleging NEPA violations on grounds that such parties do not have the requisite significantly protectable interest in NEPA compliance actions. <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108 (9th Cir. 2004). Because the parties seeking to intervene in the cases presently before this Court are largely private parties, and

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

given the fact that many of the claims sought to be asserted do implicate NEPA, intervention as a matter of right appears inappropriate in this instance.

Permissive intervention under Rule 24(b), however, "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." SEC v. U.S. Realty & Improvement Co., 310 U.S. 434, 459 (1940). Consequently permissive intervention may be allowed here even in the face of allegations sounding under NEPA.

An applicant seeking permissive intervention must satisfy three threshold requirements: 1) the motion must be timely; 2) the court must have an independent basis for jurisdiction over the applicant's claims; and 3) the intervenor's interests must share a common question of law or fact with the main action. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998). The district court has broad discretion to grant permissive intervention if these factors are met. *See* Spangler v. Pasadena City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

While several parties have filed responses to the intervention requests now before the Court, no one argues that the threshold requirements for permissive intervention have not been satisfied. These cases were only recently filed and there is no dispute that intervention has been sought on a timely basis. Similarly, because the interests advanced by the proposed intervenors all relate to the same 2004 Framework at issue in the main action, and because the same jurisdictional bases apply, the remaining prerequisites (common issues and independent jurisdictional grounds) are also met.

4

In exercising its discretion to allow permissive intervention, the Court finds that the 2004 Framework impacts large and varied interests, including those advanced by the proposed intervenors. The potential magnitude of the 2004 Framework is great, and the implications flowing from any challenge to it may be considerable. Ensuring that all competing interests implicated by the Framework are heard, including those advanced by proposed intervenors herein, will contribute to the just and equitable resolution of these cases. Consequently permissive intervention will be allowed, and the motions presently before the Court are granted.[3]

In permitting such intervention, however, the Court must still consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). This inquiry has been the primary focus of the original parties to this litigation in response to these motions. Those parties contend that without briefing limitations, the presence of multiple intervenors in this matter may prove logistically impracticable, both in terms of the parties' response to numerous briefs and the Court's burden in considering the voluminous papers that may be filed in response to anticipated motions for summary judgment. In that regard, the court may impose reasonable conditions and restrictions on the participation of intervenors so that their involvement does not derail the efficient conduct of these

---

[3] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

proceedings. *See* Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 380 (1987).

The Court will consequently impose limits on the briefing allowed in any summary judgment motion filed in these related cases. Opening points and authorities will be limited to fifty (50) pages in length. Opposition papers are subject to a thirty (30) page limitation, and reply memoranda shall not exceed (10) pages. Any brief filed on behalf of any intervenor, or group of intervenors represented by single counsel, shall not be longer than twenty (20) pages.

IT IS SO ORDERED.

DATED: June 16, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE