UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALIFORNIA FORESTRY
ASSOCIATION and AMERICAN
FOREST & PAPER ASSOCIATION,          NO.  CIV-S-05-0905 MCE/GGH

        Plaintiffs,

    v.                               ORDER

DALE N. BOSWORTH, et al.,

        Defendants

    and

SIERRA NEVADA PROTECTION
CAMPAIGN, et al.,

        Defendant-Intervenors

    and

PACIFIC RIVERS COUNCIL,

        Applicant for Intervention.

----oo0oo----

    Through the present motion, Pacific Rivers Council

("PRC") seek to intervene in this action on a permissive basis

1

1   under Rule 24(b)(2) of the Federal Rules of Civil Procedure.

2   Counsel for PRC has represented to the Court that the other

3   parties to this action do not oppose the proposed intervention,

4   and no opposition has been filed.

5       An applicant seeking permissive intervention must satisfy

6   three threshold requirements: 1) the motion must be timely; 2)

7   the court must have an independent basis for jurisdiction over

8   the applicant's claims; and 3) the intervenor's interests must

9   share a common question of law or fact with the main action.

10  <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998).  The

11  district court has broad discretion to grant permissive

12  intervention if these factors are met.  *See* <u>Spangler v. Pasadena</u>

13  <u>City Board of Educ.</u>, 552 F.2d 1326, 1329 (9th Cir. 1977).

14      There is no dispute that the threshold requirement for

15  permissive intervention have been satisfied in this matter.  The

16  instant lawsuit was only recently filed and intervention has been

17  sought on a timely basis.  Similarly, because the interests

18  advanced by PRC relate to the same 2004 Framework at issue in the

19  main action, and because the same jurisdictional bases apply, the

20  remaining prerequisites (common issues and independent

21  jurisdictional grounds) are also met.

22      In exercising its discretion to allow permissive

23  intervention, the Court finds that the 2004 Framework impacts

24  large and varied interests, including those advanced by PRC.  The

25  potential magnitude of the 2004 Framework is great, and the

26  implications flowing from any challenge to it may be

27  considerable.  Ensuring that all competing interests implicated

28  by the Framework are heard, including those advanced by PRC

1  herein, will contribute to the just and equitable resolution of

2  these cases.  Consequently permissive intervention will be

3  allowed, and the motion presently before the Court is GRANTED.[1]

4  In permitting such intervention, however, the Court must

5  still consider "whether the intervention will unduly delay or

6  prejudice the adjudication of the rights of the original

7  parties."  Fed. R. Civ. P. 24(b)(2).   In that regard, the court

8  may impose reasonable conditions and restrictions on the

9  participation of intervenors so that their involvement does not

10  derail the efficient conduct of these proceedings.  *See*

11  Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 380

12  (1987).

13  The Court will consequently impose limits on the briefing

14  allowed in any summary judgment motion filed in this matter, or

15  in related cases also before the Court.  Opening points and

16  authorities will be limited to fifty (50) pages in length.

17  Opposition papers are subject to a thirty (30) page limitation,

18  and reply memoranda shall not exceed (10) pages.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27  [1]Because oral argument would not be of material assistance,
this matter was deemed suitable for decision without oral

28  argument.  E.D. Local Rule 78-230(h).

3

Any brief filed on behalf of any intervenor, or group of intervenors represented by single counsel, shall not be longer than twenty (20) pages.

IT IS SO ORDERED.

DATED: July 21, 2005

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE