UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SIERRA NEVADA FOREST PROTECTION CAMPAIGN, CENTER FOR BIOLOGICAL DIVERSITY, NATURAL RESOURCES DEFENSE COUNCIL, SIERRA CLUB, and THE WILDERNESS SOCIETY, non-profit organizations, | No. CIV-S-05-0205 MCE GGH<br>CIV-S-05-0211 MCE GGH<br>CIV-S-05-0905 MCE GGH<br>CIV-S-05-0953 MCE GGH<br><br>(Related Cases) |
| Plaintiffs, | |
| v. | AMENDED ORDER |
| MARK REY, in his official capacity as Under Secretary of Agriculture, DALE BOSWORTH, in his official capacity as Chief of the United States Forest Service, JACK BLACKWELL, in his official capacity as Regional Forester, Region 5, United States Forest Service, and JAMES M. PEÑA, in his official capacity as Forest Supervisor, Plumas National Forest, | |
| Defendants. | |
| _____/ | |
| and Related Cases. | |

1

----oo0oo----

These related cases all challenge the sufficiency of the 2004 Sierra Nevada Forest Plan Amendment ("the 2004 Framework"). Plaintiffs allege that in adopting the 2004 Framework, the government violated various of the National Environmental Policy Act, 42 U.S.C. § 4321, et seq. ("NEPA"), the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), and the National Forest Management Act, 16 U.S.C. § 1600, et seq. ("NFMA"). Now before the Court are eight different Motions to Intervene brought on behalf of twenty-seven (27) different groups/organizations seeking to assert their own particular interests into this litigation so as to ensure that those interests are heard. Three motions have been filed in <u>Sierra Nevada Forest Protection Campaign v. Rey</u>, et al., Case No. CIV-S-05-0205, on behalf of the following: 1) Quincy Library Group and Plumas County; 2) California Ski Industry Association; and 3) Tuolumne County Alliance for Resources & Environment (TuCare), et al.[1] In <u>People of the State of California ex rel. Bill Lockyer v. United States Department of Agriculture</u>, et al., Case No. CIV-S-05-0211,

---

[1] The other applicants for intervention, in addition to TuCare, are California Forest Counties Schools Coalition, Regional Council of Rural Counties, Western Council of Industrial Workers, Klamath Alliance for Resources & Environment, Coarsegold Resource Conservation District/Eastern Madera County Fire Safe Council, Tulare County Resource Conservation District, Sierra Resource Conservation District, Strawberry Property Owners' Association, Huntington Lake Association, Huntington Lake Big Creek Historical Conservancy, California Equestrian Trails & Lands Coalition, California Forestry Association, California Licensed Foresters Association, California/Nevada Snowmobile Association, American Forest & Paper Association, American Forest Resource Council, and BlueRibbon Coalition.

2

1  motions have been submitted on behalf of 1)the TuCare group of
2  intervenors; 2) the California Cattlemen's Association' 3) the
3  Quincy Library Group and Plumas County; and 4) the California Ski
4  Industry Association.  Finally, in <u>California Forestry Ass'n, et
5  al. v. Dale N. Bosworth</u>, et al., Case No. CIV-S-05-0905, the
6  Sierra Nevada Forest Protection Campaign, Center for Biological
7  Diversity, National Resources Defense Council, Sierra Club, and
8  The Wilderness Society have collectively moved to intervene.[2]

9  Under Federal Rule of Civil Procedure 24,[3] a party may
10 intervene in pending litigation either as a matter of right,
11 under subsection (a), or permissively with the court's consent
12 under subsection (b).

13 An applicant has the right to intervene under Rule 24(a) if
14 1) the intervention request is made in a timely fashion; 2) a
15 "significantly protectable" interest related to the subject
16 matter of the litigation is asserted; 3) disposition of the
17 matter may impair or impede the applicant's interest in the
18 absence of intervention; and 4) if the applicant's interest is
19 not adequately represented by existing parties. <u>Wetlands Action
20 Network v. United States Army Corps of Eng'rs</u>, 222 F.3d 1105,
21 1113-14 (9th Cir. 2000).  Private parties may not, however,
22 intervene as a matter of right in an action alleging NEPA

---

[2] The Court's original June 16, 2005 Order, while granting all pending motions to intervene in these related cases, nonetheless appears not to have fully identified all eight pending motions.  That shortcoming has been rectified in this Amended Order as set forth above, which does not change the substance of the Court's original order.

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

3

violations on grounds that such parties do not have the requisite significantly protectable interest in NEPA compliance actions. <u>Kootenai Tribe of Idaho v. Veneman</u>, 313 F.3d 1094, 1108 (9th Cir. 2004). Because the parties seeking to intervene in the cases presently before this Court are largely private parties, and given the fact that many of the claims sought to be asserted do implicate NEPA, intervention as a matter of right appears inappropriate in this instance.

Permissive intervention under Rule 24(b), however, "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." <u>SEC v. U.S. Realty & Improvement Co.</u>, 310 U.S. 434, 459 (1940). Consequently permissive intervention may be allowed here even in the face of allegations sounding under NEPA.

An applicant seeking permissive intervention must satisfy three threshold requirements: 1) the motion must be timely; 2) the court must have an independent basis for jurisdiction over the applicant's claims; and 3) the intervenor's interests must share a common question of law or fact with the main action. <u>Donnelly v. Glickman</u>, 159 F.3d 405, 412 (9th Cir. 1998). The district court has broad discretion to grant permissive intervention if these factors are met. *See* <u>Spangler v. Pasadena City Board of Educ.</u>, 552 F.2d 1326, 1329 (9th Cir. 1977).

While several parties have filed responses to the intervention requests now before the Court, no one argues that the threshold requirements for permissive intervention have not been satisfied. These cases were only recently filed and there is no dispute that intervention has been sought on a timely

4

basis. Similarly, because the interests advanced by the proposed intervenors all relate to the same 2004 Framework at issue in the main action, and because the same jurisdictional bases apply, the remaining prerequisites (common issues and independent jurisdictional grounds) are also met.

In exercising its discretion to allow permissive intervention, the Court finds that the 2004 Framework impacts large and varied interests, including those advanced by the proposed intervenors. The potential magnitude of the 2004 Framework is great, and the implications flowing from any challenge to it may be considerable. Ensuring that all competing interests implicated by the Framework are heard, including those advanced by proposed intervenors herein, will contribute to the just and equitable resolution of these cases. Consequently permissive intervention will be allowed, and the motions presently before the Court are granted.[4]

In permitting such intervention, however, the Court must still consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). This inquiry has been the primary focus of the original parties to this litigation in response to these motions. Those parties contend that without briefing limitations, the presence of multiple intervenors in this matter may prove logistically impracticable, both in terms of the parties' response to numerous briefs and the Court's

---

[4] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

5

1  burden in considering the voluminous papers that may be filed in
2  response to anticipated motions for summary judgment.  In that
3  regard, the court may impose reasonable conditions and
4  restrictions on the participation of intervenors so that their
5  involvement does not derail the efficient conduct of these
6  proceedings.  *See* Stringfellow v. Concerned Neighbors in Action,
7  480 U.S. 370, 380 (1987).

8  The Court will consequently impose limits on the briefing
9  allowed in any summary judgment motion filed in these related
10 cases.  Opening points and authorities will be limited to fifty
11 (50) pages in length.  Opposition papers are subject to a thirty
12 (30) page limitation, and reply memoranda shall not exceed (10)
13 pages.  Any brief filed on behalf of any intervenor, or group of
14 intervenors represented by single counsel, shall not be longer
15 than twenty (20) pages.

16 IT IS SO ORDERED.

18 DATED: September 28, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE