UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CALIFORNIA FORESTRY ASSOCIATION
and AMERICAN FOREST & PAPER
ASSOCIATION,

        No. 2:05-cv-00905-MCE-GGH

    Plaintiff,

  v.

GAIL KIMBELL,[1] Chief, United
States Forest Service;
MIKE JOHANNS, Secretary.
United States Department of
Agriculture; JACK A.BLACKWELL,
Regional Forester, Pacific
Southwest Region,

        ORDER

    Defendants.

  and

SIERRA NEVADA FOREST PROTECTION
CAMPAIGN, et al.,

    Intervenor-Defendants.

---

[1] Current U.S. Forest Service Chief Gail Kimbell is "automatically substituted" for former Forest Service Chief Dale Bosworth, pursuant to Fed. R. Civ. P. 25(d).

1

1    On September 24 2008, this Court denied Plaintiffs' Motion
2 for Summary Judgment, except to the limited extent that the
3 Court, in reliance on the Ninth Circuit's decision in <u>Sierra</u>
4 <u>Forest Legacy v. Rey</u>, 526 F.3d 1228, 1231-32 (9th Cir. 2008),
5 found that the Forest Service violated the National Environmental
6 Policy Act ("NEPA") by failing to consider a sufficient range of
7 alternatives in adopting the 2004 Framework.  Summary
8 adjudication in favor of Plaintiffs was granted on that issue, as
9 set forth in the Second Cause of Action.  Correspondingly, the
10 Forest Service's Cross-Motion for Summary Judgment was granted in
11 its entirety except as to the Second Cause of Action.
12    Given the Court's directive ordering separate briefing as to
13 the question of remedy following its liability findings as set
14 forth above, those issues were briefed by the parties and a
15 hearing set for December 19, 2008.
16    Plaintiffs have advised the Court that they request no
17 further remedy, and simply ask that the declaratory relief awarded
18 in the Court's September 24, 2008 Memorandum and Order be reduced
19 to judgment.  As set forth in the concurrently filed remedy
20 orders entered in the related cases of <u>Sierra Nevada Forest</u>
21 <u>Protection Campaign v. Rey</u>, No. 2:05-cv-00205 MCE-GGH, and <u>People</u>
22 <u>of the State of California v. United States Department of</u>
23 <u>Agriculture</u>, No. 2:05-cv-00211 MCE-GGH, however, counsel for
24 Defendant-Intervenors Quincy Library Group and TuCare, et al. have
25 advised the Court that Petitions for Rehearing have been filed as
26 to the Ninth Circuit's panel decision in <u>Sierra Forest Legacy v.</u>
27 <u>Rey</u>, <u>supra</u>, and that the Ninth Circuit had ordered Plaintiff in
28 that case to respond to those petitions by August 22, 2008.

1 Although the parties indicate that all papers regarding the
2 rehearing petitions were filed by September 17, 2008, no decision
3 on the petitions have been forthcoming.  Accordingly, mandate back
4 to this court under Federal Rule of Appellate Procedure 41(b) has
5 not yet issued.
6     Given the fact that the appellate decision underlying this
7 Court's finding on behalf of Plaintiffs in this matter remains
8 non-final given the pending rehearing petitions, and in view of
9 recent developments which may form the Ninth Circuit's ultimate
10 decision whether to take the matter en banc, including not only
11 the Ninth Circuit's own subsequent decision in Lands Council v.
12 McNair, 537 F.3d 981 (9th Cir. 2008), but also the Supreme
13 Court's even more recent pronouncement in Winter v. Natural
14 Resources Defense Council, 129 S. Ct. 365 (2008), this Court
15 believes it would be premature to fashion a remedy, and enter any
16 final judgment in this matter, until after the rehearing
17 petitions have been adjudicated and mandate has been formally
18 transferred back to the Court.  As counsel for the Intervenor-
19 Defendants have pointed out, any district court proceedings on a
20 remedy while logically antecedent issues remain before an
21 appellate court may ultimately be null and void, and may
22 consequently have to be redone following the issuance of mandate.
23 See Kusay v. United States, 62 F.3d 192, 193-96 (7th Cir. 1995);
24 United States v. Thorp, 655 F.2d 997, 999 (9th Cir. 1981).  The
25 Court wishes to avoid any potential waste of judicial resources
26 in that regard and therefore declines to act on the question of
27 remedy before the aforementioned decision in Sierra Forest Legacy
28 v. Rey is final and mandate to this Court has been issued.

If the panel opinion in Rey is vacated, the need for a remedies hearing may be entirely obviated should this Court then determine that the 2004 Framework's consideration of project alternatives was otherwise sufficient.

    Plaintiffs are directed to notify the Court once a decision on the rehearing petitions in Rey has been made. At that point, the instant remedies hearing will be rescheduled as necessary.

    IT IS SO ORDERED.

Dated: December 19, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE