UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA FORESTRY ASSOCIATION and AMERICAN FOREST & PAPER ASSOCIATION,<br><br>            Plaintiff,<br><br>    v.<br><br>GAIL KIMBELL,[1] Chief, United States Forest Service; MIKE JOHANNS, Secretary. United States Department of Agriculture; JACK A. BLACKWELL, Regional Forester, Pacific Southwest Region,<br><br>            Defendants.<br><br>    and<br><br>SIERRA NEVADA FOREST PROTECTION CAMPAIGN, et al.,<br><br>            Intervenor-Defendants. | No. 2:05-cv-00905-MCE-GGH<br><br>**ORDER** |

///

///

---

[1] Current U.S. Forest Service Chief Gail Kimbell is "automatically substituted" for former Forest Service Chief Dale Bosworth, pursuant to Fed. R. Civ. P. 25(d).

1

1    On September 24 2008, this Court denied Plaintiffs' Motion
2 for Summary Judgment, except to the limited extent that the
3 Court, in reliance on the Ninth Circuit's decision in <u>Sierra
4 Forest Legacy v. Rey</u>, 526 F.3d 1228, 1231-32 (9th Cir. 2008),
5 found that the Forest Service violated the National Environmental
6 Policy Act ("NEPA") by failing to consider a sufficient range of
7 alternatives in adopting the 2004 Framework.  Summary
8 adjudication in favor of Plaintiffs was granted on that issue, as
9 set forth in the Second Cause of Action.  Correspondingly, the
10 Forest Service's Cross-Motion for Summary Judgment was granted in
11 its entirety except as to the Second Cause of Action.
12    Given the Court's directive ordering separate briefing as to
13 the question of remedy following its liability findings as set
14 forth above, those issues were briefed by the parties and a
15 hearing set for December 19, 2008.
16    Plaintiffs have advised the Court that they request no
17 further remedy, and simply ask that the declaratory relief
18 awarded in the Court's September 24, 2008 Memorandum and Order be
19 reduced to judgment.  As set forth in the concurrently filed
20 remedy orders entered in the related cases of <u>Sierra Nevada Forest
21 Protection Campaign v. Rey</u>, No. 2:05-cv-0205-MCE-GGH, and <u>People
22 of the State of California v. United States Dept. of Agriculture</u>,
23 No. 2:05-cv-0211-MCE-GGH, however, counsel for Defendant-
24 Intervenors Quincy Library Group and TuCare, et al. have advised
25 the Court that Petitions for Rehearing have been filed as to the
26 Ninth Circuit's panel decision in <u>Sierra Forest Legacy v. Rey</u>,
27 <u>supra</u>, and that the Ninth Circuit had ordered Plaintiff in that
28 case to respond to those petitions by August 22, 2008.

Although the parties indicate that all papers regarding the rehearing petitions were filed by September 17, 2008, no decision on the petitions have been forthcoming.  Accordingly, mandate back to this Court under Federal Rule of Appellate Procedure 41(b) has not yet issued.

    Given the fact that the appellate decision underlying this Court's finding on behalf of Plaintiffs in this matter remains non-final given the pending rehearing petitions, and in view of recent developments which may inform the Ninth Circuit's ultimate decision whether to take the matter en banc, including not only the Ninth Circuit's own subsequent decision in Lands Council v. McNair, 537 F.3d 981 (9th Cir. 2008), but also the Supreme Court's even more recent pronouncement in Winter v. Natural Resources Defense Council, 129 S. Ct. 365 (2008), this Court believes it would be premature to fashion a remedy, and enter any final judgment in this matter, until after the rehearing petitions have been adjudicated and mandate has been formally transferred back to the Court.  As counsel for the Intervenor-Defendants have pointed out, any district court proceedings on a remedy while logically antecedent issues remain before an appellate court may ultimately be null and void, and may consequently have to be redone following the issuance of mandate. See Kusay v. United States, 62 F.3d 192, 193-96 (7th Cir. 1995); United States v. Thorp, 655 F.2d 997, 999 (9th Cir. 1981).  The Court wishes to avoid any potential waste of judicial resources in that regard and therefore declines to act on the question of remedy before the aforementioned decision in Sierra Forest Legacy v. Rey is final and mandate to this Court has been issued.

1  If the panel opinion in <u>Rey</u> is vacated, the need for a remedies
2  hearing may be entirely obviated should this Court then determine
3  that the 2004 Framework's consideration of project alternatives
4  was otherwise sufficient.
5       Plaintiffs are directed to notify the Court once a decision
6  on the rehearing petitions in <u>Rey</u> has been made.  At that point,
7  the instant remedies hearing will be rescheduled as necessary.
8       IT IS SO ORDERED.
9   Dated: January 9, 2009

                                  _____
                                  MORRISON C. ENGLAND, JR.
                                  UNITED STATES DISTRICT JUDGE

4